Associate Chief Justice Lee, concurring:
 

 ¶39 I agree with and concur in the judgment of the court and in most everything in the majority opinion-including the grounds identified by the majority for overruling the "common law merger" standard set forth in
 
 State v. Finlayson
 
 ,
 
 2000 UT 10
 
 ,
 
 994 P.2d 1243
 
 , and
 
 State v. Lee
 
 ,
 
 2006 UT 5
 
 ,
 
 128 P.3d 1179
 
 . As I've noted previously, I find these precedents both problematic and ripe for reconsideration.
 
 See
 

 Met v. State
 
 ,
 
 2016 UT 51
 
 , ¶¶ 131-32,
 
 388 P.3d 447
 
 (Lee, A.C.J., concurring in part and concurring in the judgment). And I agree with the grounds identified by the majority for setting them aside.
 

 ¶40 I write separately, however, to note my disagreement with the majority's statement of our court's "usual approach" to dealing with problematic precedent.
 
 Supra
 
 ¶ 34. Unlike the majority I would not announce a "general rule" of avoidance-of "avoid[ing] reaching" the question of the viability of a problematic line of cases "unless we ha[ve] to" do so.
 

 Supra
 

 ¶ 34 (citing
 
 State v. Rowan
 
 ,
 
 2017 UT 88
 
 , ¶ 24,
 
 416 P.3d 566
 
 (Himonas, J., concurring) ). And I would not advocate a presumption in favor of an analysis of "whether th[e] matter would have come out differently if we didn't abandon" the problematic precedent.
 
 Supra
 
 ¶ 34.
 

 ¶41 In my view the majority's "usual approach" is not often a path of restraint or avoidance. It is a reinforcement of the line of cases that we are applying. And if we have reason to doubt the viability of that precedent then I think we should generally reevaluate it.
 

 ¶42 My thinking on this point is set forth in my separate opinion in
 
 Winward v. State
 
 ,
 
 2012 UT 85
 
 ,
 
 293 P.3d 259
 
 (Lee, J., concurring in the judgment), where a similar question arose. I write here only to restate and extend what I said in
 
 Winward
 
 , and to explain why the majority's "usual approach" strikes me as problematic as applied to a case like this one.
 
 [10]
 

 ¶43 In
 
 Winward
 
 I noted that it is not logically possible for us to apply a law "without describing its content."
 
 2012 UT 85
 
 , ¶ 43,
 
 293 P.3d 259
 
 . I also explained that we cannot describe the content of an ill-defined legal standard (like that at issue here) "without articulating its basis in law."
 
 Id
 
 . And I emphasized, finally, that any decision stating and applying a standard from our cases is a reinforcement of that standard.
 
 Id
 
 . ¶ 54.
 

 ¶44 These observations are appropriate here. One shortcoming (of many) of the
 
 Finlayson
 

 -
 

 Lee
 
 test is that it does not lend itself to principled application.
 
 See
 

 supra
 
 ¶¶ 26-30. For that reason we cannot apply the test here without expanding on it and clarifying it. And in order to do that we have to consider the legal basis for-and thus the viability of-the standard we prescribed in these cases.
 

 ¶45 There is no middle course of avoidance in a case like this one. We cannot apply the
 
 Finlayson
 

 -
 

 Lee
 
 test assuming
 
 arguendo
 
 that it is the law. To do so is to reinforce the viability of the test. And that is not a matter of restraint or avoidance.
 
 See
 

 Winward
 
 ,
 
 2012 UT 85
 
 , ¶ 54,
 
 293 P.3d 259
 
 (noting that we are not
 
 avoiding
 
 the question of the viability of a questionable legal standard when we apply it to the disposition of a case; asserting that the "application" of a questionable legal principle "is in no way an act of avoidance").
 

 ¶46 In my view these are the reasons for reconsidering the test set forth in
 
 Finlayson
 
 and
 
 Lee
 
 . When we are convinced that a line of precedent is of dubious viability and difficult to apply without further clarification, it seems to me that we have a duty to return to
 first principles. In such circumstances, our "usual approach,"
 
 supra
 
 ¶ 34, should not be to reinforce a problematic precedent by assuming its viability for the sake of argument. We should instead reconsider the basis for that precedent-as we do here. I concur on the understanding that the approach we follow here is in line with these premises.
 

 The majority does not in fact follow the path it paints as typical. It takes a contrary course, identifying a "compelling constellation of factors" that sustains an exception to the general rule.
 
 Supra
 
 ¶ 34. For that reason my disagreement is a narrow one. I agree with the path the court takes; I just see the court's exception as more the general rule, for reasons explained below.